UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

----------------------------------X
**JACOB R. GLICKMAN,**

                Plaintiff,

-against-                          **COMPLAINT AND**
                                           **JURY TRIAL DEMAND**

**VILLAGE OF MORTON GROVE, OFFICER OTTO in his official and individual capacities; and OFFICER WALSH, in his official and individual capacities.**

                Defendants.
----------------------------------X

    **NOW COMES** Plaintiff, **JACOB R. GLICKMAN**, by and through his attorney **LITE DEPALMA GREENBERG, LLC,** and for cause of action against the defendants, both jointly and severally, respectfully states as follows:

### INTRODUCTION

    1. On July 20, 2017, Plaintiff was falsely arrested by Officer Walsh ("Defendant Walsh") and Officer Otto ("Defendant Otto") for the sole purpose of having Plaintiff arrested for lawfully asserting his constitutional rights and for retaliating against Plaintiff for telling them he was going to file a complaint against them for harassment.

    2. Plaintiff, then a resident of Morton Grove, was a Chicago Public Schools vendor, owning and operating Chicago Enrichment

Programs, LLC, an organization operating a before and after school program for students at The Solomon School in Chicago, Illinois.

3. In June, 2017, Plaintiff, purchased a puppy and began taking him to Austin Park, a public park in Morton Grove, which had been designated as a "dog-friendly park" by the Morton Grove Park District.

4. Maine-Niles Association of Special Recreation ("Maine-Niles") operated a "camp" from approximately noon until 6:00pm, utilizing Austin Park as a camp facility.

5. Defendants Otto and Walsh were dispatched to Austin Park when staff members of Maine-Niles called the Morton Grove Police Department ("MGPD") to complain about Plaintiff's presence at the park.

6. At no time while Plaintiff and Defendants Otto and Walsh were at Austin Park did Defendants Otto and Walsh have probable cause to arrest Plaintiff.

7. After Plaintiff left Austin Park, Defendant Walsh accosted Plaintiff outside his residence. Plaintiff indicated that he was being harassed, that he was going to the Morton Grove Police Headquarters to file a harassment complaint, and that he would not answer any more of his questions without an attorney.

8. During the entire exchange outside of Plaintiff's residence, Defendants Otto and Walsh did not have probable cause to arrest Plaintiff.

2

9. Plaintiff went to the Morton Grove Police Headquarters to file a harassment complaint against Defendants Otto and Walsh. After a short period of time, before Plaintiff could even file his harassment complaint, Defendants Otto and Walsh appeared and placed Plaintiff under arrest.

10. News of Plaintiff's arrest was communicated to the Morton Grove Park District which, by correspondence dated July 21, 2017, banned Plaintiff from Austin Park during the hours of 8:00am and 4:00pm, Mondays through Fridays until August 31, 2017.

11. News of Plaintiff's arrest reached the Chicago Public Schools and caused Plaintiff to lose his contract with The Solomon School, thereby losing his livelihood.

## PARTIES

12. Plaintiff at all times relevant was an adult resident of Morton Grove, Illinois.

13. Defendant, Village of Morton Grove ("Defendant Village"), is a municipality chartered by the State of Illinois and as such is a political subdivision of the State of Illinois and among its other functions operates and maintains a law enforcement agency known as the Morton Grove Police Department ("MGPD"). Defendant Village is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the Village of Morton Grove and to preserve to its citizens the rights, privileges and immunities granted and secured to them by the

constitutions and the laws of the United States and the State of Illinois.

14. Defendants Otto and Walsh, are and were at all times relevant herein, officers, employees and agents of the Morton Grove Police Department, a municipal agency of the Village of Morton Grove. Defendants Otto and Walsh are being sued individually and in their official capacities. At all times relevant herein, Defendants Otto and Walsh were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officer of the MGPD and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of Defendant Villager at all times relevant herein with the power and authority vested in them as officers, agents, and employees of the Defendant Village and incidental to the pursuit of their duties as officers, employees, and agents of the Defendant Village.

## JURISDICTION AND VENUE

15. Each and all of the acts of defendants were performed under the color and pretense of the constitutions, statutes, ordinances, regulations, customs, and usages of the United States of America, the State of Illinois, and the Village of Morton Grove, and under authority of their office as police officers for the Village of Morton Grove.

4

16. The incidents which give rise this cause of action occurred within this jurisdiction within one year of the filing of this Complaint.

17. Venue is proper in this venue pursuant to 28 U.S.C. §1391 as all of the defendants are residents of this district and/or all of the acts or omissions which give rise to this cause of action occurred within this district.

18. Jurisdiction is proper pursuant to federal question jurisdiction, 28 U.S.C. §1331, 28 U.S.C §1343(a)(3)(4) and 42 U.S.C. §1983. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. §1367.

19. Plaintiff avers that defendants do not have immunity for violating the civil rights of citizens.

## **FACTUAL ALLEGATIONS**

20. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

21. On July 20, 2017, between 3:45-4:00pm, Defendants Otto and Walsh were dispatched to Austin Park when staff members of Maine-Niles called the Morton Grove Police Department ("MGPD") to complain about Plaintiff's presence at the park.

5

22. Upon their arrival at Austin park, Defendants Otto and Walsh did not observe Plaintiff engage in any conduct giving them probable cause to arrest Plaintiff for disorderly conduct.

23. After speaking with the staff member(s) of Maine-Niles, Defendants Otto and Walsh approached Plaintiff.

24. When Defendants Otto and Walsh approached Plaintiff, they "bodied-up" on either side of Plaintiff to the point where he could not move.

25. Even though Defendants Otto and Walsh had no probable cause and did not even have any reason to believe that Plaintiff engaged in any sort of misconduct, Defendants Otto and Walsh harassed Plaintiff, making him concerned and apprehensive to the point where he felt compelled to leave Austin Park as soon as Defendants Otto and Walsh "backed-off" and permitted Plaintiff to leave.

26. From the time Defendants Otto and Walsh approached the Maine-Niles staff member(s) until the time Plaintiff left Austin Park, Defendants Otto and Walsh did not observe Plaintiff engage in any conduct giving them probable cause to arrest Plaintiff for disorderly conduct.

27. As Plaintiff arrived at his residence, he was again accosted by Defendant Walsh, who continued to interrogate Plaintiff and demanded to see his cell phone.

6

28. Plaintiff asked if he was under arrest. Defendant Walsh responded in the negative. Plaintiff then indicated that he felt he was being harassed by Defendants Otto and Walsh and that he was going to Police Headquarters to file a complaint. Plaintiff also indicated that he was not answering any more questions without his attorney and proceeded to enter his residence.

29. From the time Plaintiff left Austin Park until the time he entered his residence after being accosted by Defendant Walsh, Defendants Otto and Walsh did not observe Plaintiff engage in any conduct giving them probable cause to arrest Plaintiff for disorderly conduct.

30. Shortly thereafter, Plaintiff went to the MGPD Headquarters and requested to speak with the ranking officer.

31. While waiting in the lobby area, a side door opened and Defendants Otto and Walsh beckoned Plaintiff to come through the doorway.

32. As soon as Plaintiff passed through the doorway, he was handcuffed and arrested by Defendants Otto and Walsh for a disorderly persons offense.

33. From the time Plaintiff entered his residence after being accosted by Defendants Otto and Walsh until the time he was arrested at MGPD Headquarters, Defendants Otto and Walsh did not observe Plaintiff engage in any conduct giving them probable cause to arrest Plaintiff for disorderly conduct.

7

34. While under arrest, even though Plaintiff was not placed in a cell and was in full view of Defendants Otto and Walsh at all times, in further retaliation against Plaintiff for indicating he was going to file a harassment complaint against them and to cause Plaintiff humiliation and further intentionally inflict emotional distress, Defendants Otto and Walsh forced Plaintiff to remove his shoelaces.

35. In further retaliation against Plaintiff for indicating he was going to file a harassment complaint against them and to cause Plaintiff further humiliation and further intentionally inflict emotional distress, Defendants Otto and Walsh issued Plaintiff a summons for failing to have given his puppy a rabies inoculation. Said summons was issued in violation of Village of Morton Grove Ordinance Title 6, Chapter 4, Section 14A.

36. In further retaliation against Plaintiff for indicating he was going to file a harassment complaint against them and to cause Plaintiff further humiliation and further intentionally inflict emotional distress, Defendants Otto and Walsh issued Plaintiff a summons for failing to have obtain a permit for his puppy. Said summons was issued in violation of Village of Morton Grove Ordinance Title 6, Chapter 4, Section 15A.

37. In further retaliation against Plaintiff for indicating he was going to file a harassment complaint against them and to cause Plaintiff further humiliation and further intentionally

inflict emotional distress, Defendants Otto and Walsh, when Plaintiff was eventually released, forced Plaintiff to leave out of a garage door into the garage area without having the opportunity to replace his shoelaces.

### COUNT I

### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS OTTO AND WALSH

38. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

39. Defendants Otto and Walsh committed the above described actions and/or omissions under the color of law and by virtue of their authority as law enforcement officers for the Village of Morton Grove and substantially deprived Plaintiff of his clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983, and deprived Plaintiff of the rights guaranteed to him under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, including but not limited to:

    a. freedom from unlawful search and seizure;

    b. freedom from unlawful arrest and seizure of his/her person;

    c. freedom from unreasonable, unjustified, and excessive force;

   d.  freedom from abuse of process;

   e.  freedom from deprivation of liberty and property without due process of law;

   f.  freedom from retaliation for Plaintiff's exercise of his rights to free speech and assembly;

40. As a direct and proximate result of the acts and omissions of Defendants Otto and Walsh, Plaintiff's constitutional rights were violated and Plaintiff sustained substantial injury.

41. The actions and/or omissions of Defendants Otto and Walsh, complained herein were unlawful, conscience shocking, unconstitutional, and performed maliciously, recklessly, fraudulently, intentionally, willfully, wantonly in bad faith, and in such a manner to entitle Plaintiff to a substantial award of punitive damages against Defendants Otto and Walsh.

**COUNT II**

**FAILURE TO SUPERVISE CLAIMS AGAINST**
**<u>DEFENDANT VILLAGE OF MORTON GROVE</u>**

42. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

43. By its conduct in failing to remedy the wrongs committed by Defendants Otto and Walsh, and in failing to properly train, supervise, or discipline, Defendants Otto and Walsh, Defendant Village caused damage and injury in violation of Plaintiff's rights

guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its First, Fourth, and Fourteenth Amendments.

44. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced emotional injury, pain and suffering, costs and expenses, and was otherwise damaged and injured.

## COUNT III

### FEDERAL CONSTITUTIONAL VIOLATIONS AGAINST THE VILLAGE OF MORTON GROVE

45. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

46. At all times material to this complaint, Defendant Village, acting through its police department, and through the individual defendants had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, Defendant Village, acting through its police department, and through the individual defendants, had *de facto* policies, practices, customs, and usages failing to properly train, screen, supervise, or discipline said defendants. These policies, practices, customs and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

48. At all times material to this complaint, Defendant Village, acting through its police department, and through the individual defendants had *de facto* policies, practices, customs, and usages of encouraging and or tacitly sanctioning the violation of and/or retaliation for the individuals' exercise of free speech in a manner that affronts police officers or is interpreted by police officers as challenging their authority. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

49. As a result of the foregoing, Plaintiff was deprived of his liberty, experienced injury, pain and suffering, emotional injury, and was otherwise damaged and injured.

## COUNT IV

### RESPONDEAT SUPERIOR LIABIILITY OF THE VILLAGE OF MORTON GROVE FOR STATE LAW VIOLATIONS

50. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

51. The conduct of the individual defendants alleged herein occurred while they were in duty and in uniform, and/or in and during the course and scope of their duties and functions as Village of Morton Grove police officers, and/or while they were acting as agents and employees of the defendant the Village of Morton Grove, and, as a result, the Defendant the Village of Morton

12

Grove is liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

52. As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced emotional injury, pain and suffering, costs and expenses, and was otherwise damaged and injured.

### COUNT V

#### PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING, AND SUPERVISION AGAINST DEFENDANT VILLAGE

53. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

54. At all times relevant herein, Defendant Village has been grossly negligent and negligent in hiring, supervision, training, and monitoring of Defendants Otto and Walsh.

55. As a direct and proximate result of the Defendant Village's wrongful acts, policies, practices, customs and/or usages complained of herein, Plaintiff suffered injuries and damages including, but not limited to, conscious pain and suffering, physical pain and suffering, emotional pain and suffering, anxiety, and embarrassment.

## COUNT VI

## STATE LAW TORTS AGAINST
## DEFENDANTS OTTO AND WALSH

56. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

57. The acts, omissions, and conduct of Defendants Otto and Walsh constitute assault, battery, false arrest, false imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, and negligence infliction of emotional distress.

58. As a direct and proximate result of the aforementioned acts and omissions of Defendants Otto and Walsh, Plaintiff has been injured and damaged.

## DAMAGES

59. Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

60. As a direct and proximate result of the aforementioned actions and omissions of the defendants, Plaintiff was injured and damaged. The damages for which the Plaintiff seeks compensation from the defendants, both jointly and severally, include, not are not limited to, the following:

   a.   compensatory damages;

14

      b.    punitive damages;

      c.    The convening and empaneling of a jury to consider the merits of the claims herein;

      d.    Costs and interest and attorney's fees; and

      e.    all such relief, both general and specific, to which.

Plaintiff may be entitled to under the premises.

### PRAYERS FOR RELIEF

61. Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said paragraphs a part hereof as if fully set forth herein.

62. **WHEREFORE,** Plaintiff sues the defendants both jointly and severally, for his personal injuries and prays for a judgment against the defendants for compensatory damages solely in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

63. **WHEREFORE,** Plaintiff sues Defendants Otto and Walsh for punitive damages in an amount solely to be determined by a jury as reasonable and for all such further relief, both general and specific, to which he may be entitled under the premises.

64. **A JURY IS RESPECTFULLY DEMANDED TO TRY THE ISSUES ONCE JOINED.**

**LITE DEPALMA GREENBERG, LLC**

Dated: July 19, 2018

*/s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
111 W. Washington St., Suite 1240
Chicago, Illinois 60602
Phone: 312.750.1265
Fax: 312.212.5919

Attorneys for Plaintiff